UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAWN F.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C21-5276-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical and lay evidence, assessing her respiratory complaints and her residual functional capacity ("RFC"), and in finding at step five that she could perform jobs that exist in significant numbers. (Dkt. # 16 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1971, has a GED, and has worked as a home healthcare provider, housekeeper, and seating assembler. AR at 283-86, 299. Plaintiff was last gainfully employed in September 2017. *Id.* at 298.

ORDER - 1

1    In May 2018, Plaintiff applied for benefits, with an amended alleged onset date of August
2  25, 2017. AR at 60, 245-52. Plaintiff's applications were denied initially and on reconsideration,
3  and Plaintiff requested a hearing. *Id.* at 155-58, 164-71. After the ALJ conducted a hearing in
4  June 2020 (*id*. at 55-88), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 35-47.
5    As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the
6  Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the
7  Commissioner to this Court. (Dkt. # 4.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

#### A.   The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Dan Neims, Psy.D., examined Plaintiff in 2016 and 2018 and on both occasions completed a DSHS form opinion as well as a narrative report describing her symptoms and limitations. AR at 543-57, 569-85. In both 2016 and 2018, Dr. Neims rated Plaintiff's limitations as no more than moderate. *Id*. The ALJ found Dr. Neims's opinions to be partially persuasive because "a check box form is of limited value in determining the claimant's [RFC] and the claimant is not necessarily limited in the manner described," and because the limitations Dr. Neims did identify were supported by Dr. Neims's mental status examinations and consistent with other objective mental findings in the record. *Id*. at 45.

Because Plaintiff filed her claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec*., No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

Plaintiff contends the ALJ erred in failing to account for the moderate limitations identified in Dr. Neims's opinions. (Dkt. # 16 at 12.) Plaintiff has not shown that the ALJ's RFC assessment fails to account for these limitations. The ALJ found that Plaintiff could perform

ORDER - 3

unskilled and semi-skilled jobs requiring only occasional interaction with co-workers (AR at 41), and those restrictions are reasonably consistent with the moderate persistence, adaptation, and behavior limitations described in Dr. Neims's opinions. *See, e.g.*, *Shaibi v. Berryhill*, 883 F.3d 1102, 1007-08 (9th Cir. 2017) (finding that an ALJ's RFC assessment reasonably translated a "moderate" limitation into a concrete restriction). Because the ALJ's RFC assessment is not inconsistent with Dr. Neims's opinions, Plaintiff has not shown that the ALJ erred in failing to either fully account for these medical opinions or in discounting them. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

### B. The ALJ Did Not Err in Assessing Plaintiff's Respiratory Allegations

At step two, the ALJ found that Plaintiff had the severe, medically determinable impairment of asthma/chronic obstructive pulmonary disorder ("COPD"). AR at 37-38. In assessing Plaintiff's allegations in a later part of the decision, the ALJ noted that Plaintiff alleged shortness of breath, coughing, and wheezing related to her asthma/COPD, and the ALJ summarized various objective findings related to Plaintiff's oxygen saturation and her report of respiratory symptoms during appointments. *Id*. at 42 (citing *id*. at 482-85, 492, 500-02, 508, 543, 596, 643, 684, 712, 769, 868, 878, 1005, 1016). An ALJ must provide clear and convincing reasons to discount a claimant's allegations, absent evidence of malingering. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ erred in failing to include any RFC limitations related to Plaintiff's respiratory conditions. (Dkt. # 16 at 10-11.) Plaintiff fails to acknowledge that the ALJ's RFC assessment precludes Plaintiff's exposure to dusts and limits her to light work, and

ORDER - 4

restricts her to occasional climbing of ramps/stairs, balancing, stooping, crouching, kneeling, and crawling. AR at 41. Plaintiff has not shown that her asthma/COPD was more limiting than found by the ALJ. The ALJ pointed to several normal objective findings that contradict Plaintiff's subjective complaints of shortness of breath, and Plaintiff has not shown that the ALJ erred in discounting Plaintiff's subjective complaints to the extent that they are contradicted by the objective evidence. *See, e.g.*, *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Because the ALJ provided a sufficient reason to discount Plaintiff's allegations of disabling respiratory limitations, and Plaintiff has not pointed to any evidence other than her own allegations to argue that she was more limited than found by the ALJ, the Court finds no error in the ALJ's assessment of Plaintiff's respiratory limitations.

### C. The ALJ Did Not Harmfully Err as to the Lay Statements

The record contains multiple lay statements from Plaintiff's friends, family, and a former co-worker (AR at 400-04, 433-46), and the ALJ summarized these statements in the decision but did not specifically weigh them.[1] *See id*. at 42. An ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

In this case, the ALJ erred by failing to explain why he did not credit the lay statements. The Commissioner contends that this error is harmless because the ALJ's "largely unchallenged" reasons to discount Plaintiff's testimony apply with equal force to the similar lay testimony. (Dkt. # 19 at 5.) Plaintiff contends that this line of argument is a post hoc rationale (dkt. # 22 at 2). The Court does not agree. The Ninth Circuit has indicated that an ALJ's failure to address lay

---

[1] Although Plaintiff asserts that the ALJ failed to mention the lay statements (dkt. # 16 at 9, dkt. # 22 at 1), Plaintiff overlooks the ALJ's summary of the lay statements in his discussion of Plaintiff's allegations. AR at 42.

ORDER - 5

testimony can constitute harmless error when the lay statements describe similar limitations that the ALJ properly rejected elsewhere in the decision. *See Molina*, 674 F.3d at 1122 ("Because the ALJ had validly rejected all the limitations described by the lay witnesses in discussing [plaintiff's] testimony, we are confident that the ALJ's failure to give specific witness-by-witness reasons for rejecting the lay testimony did not alter the ultimate nondisability determination. Accordingly, the ALJ's error was harmless.").

As in *Molina*, the lay statements in this case describe limitations similar to those described by Plaintiff herself, and Plaintiff did not challenge most[2] of the reasons the ALJ provided to discount them. The lay witnesses described Plaintiff's lifting, walking, standing, stair-climbing, bending, reaching, handling, focus, memory, and stress-related limitations, all of which Plaintiff had alleged herself and the ALJ discussed. *See* AR at 41-43. Plaintiff has not explained why the ALJ's discussion of these limitations in the context of her allegations would not apply to the lay statements, and thus has failed to show harmful error in the ALJ's failure to specifically weigh the lay statements.

D.    **The ALJ Did Not Err in Expressing Plaintiff's RFC**

At step four, the ALJ must identify a claimant's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996). Plaintiff contends that the ALJ's RFC assessment fails to satisfy the function-by-function requirement because it describes her exertional abilities in terms of an ability to perform light work, without more specificity as to her ability to stand, walk, and sit. (Dkt. # 16 at 5-6.) The

---

[2] As discussed *supra*, Plaintiff did argue that the ALJ failed to consider her respiratory allegations but did not show that any of the ALJ's reasons for discounting those allegations was erroneous. Plaintiff did not challenge any of the ALJ's other reasons to discount her other allegations.

Ninth Circuit recently considered a similar argument and held that reference to an exertional category defined in the regulations and SSR 83-10 adequately defines the exertional capabilities of a claimant. *See Terry v. Saul*, 998 F.3d 1010, 1012-13 (9th Cir. 2021).

As in *Terry*, the Court finds that the ALJ's reference to "light work" as defined in the regulations adequately defines Plaintiff's exertional abilities, given that SSR 83-10 defines "light work" to require standing/walking off and on for approximately six hours per workday, with intermittent sitting for the remainder of the workday. *See* 1983 WL 31251 at *5-6 (Jan. 1, 1983). Accordingly, the Court finds no error in the ALJ's expression of Plaintiff's RFC via reference to a defined exertional category.

### E. The ALJ Did Not Err at Step Five

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

Plaintiff argues that the ALJ's step-five findings are erroneous for a number of reasons. First, Plaintiff argues that none of the jobs identified by the ALJ at step five exist in significant numbers *individually*, and thus do not comply with the regulatory requirement. (Dkt. # 16 at 6-7.) Plaintiff cites no authority requiring that each individual job identified by the ALJ must exist in significant numbers, and the Court is not aware of any. The Court is aware of longstanding authority aggregating the total number of jobs, however. *See, e.g.*, *Gutierrez v. Comm'r of Social Sec. Admin.*, 740 F.3d 519, 521, 528-29 (9th Cir. 2014); *Barker v. Secretary of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989). To the extent that Plaintiff is concerned (dkt. # 22 at 4-5) that aggregating job numbers could result in reliance on isolated jobs, which would not constitute "work which exists in the national economy," she has not shown that the ALJ

ORDER - 7

relied on any job that exists only in very limited numbers in relatively few locations outside Plaintiff's region, thus running afoul of the regulations. *See* 20 C.F.R. §§ 404.1566(b), 416.966(b).

Plaintiff also raises another challenge to the job numbers based on testimony provided to the Appeals Council. After the ALJ's decision was entered, Plaintiff obtained vocational testimony from Joseph Moisan, Ed.D., to rebut the ALJ's step-five findings and submitted that testimony to the Appeals Council. AR at 7-10. Dr. Moisan noted that the vocational expert ("VE") who testified at the hearing relied on job descriptions in the Dictionary of Occupational Titles ("DOT") and job numbers as found in Job Browser Pro, and that more recent job information suggests that the DOT descriptions are outdated and inaccurate, such that a person with Plaintiff's RFC could not perform these jobs. *Id*. Dr. Moisan also testified that based on information he found in the O*NET, the VE's job numbers are inflated as to one of the step-five jobs. *Id*. Plaintiff therefore argues that Dr. Moisan's statement demonstrates that the Commissioner failed to meet the burden of proof at step five. (Dkt. # 16 at 9.)

According to the Commissioner, the mere existence of contradictory evidence based on other data not considered by the VE does not suggest that the ALJ erred in relying on the VE's testimony. (Dkt. # 19 at 10.) The Court agrees, as the Ninth Circuit has recently explained that Appeals Council evidence based on data gleaned from other publications does not eviscerate VE testimony based on "unchallenged expertise" and "reference to the [DOT]." *See Terry*, 998 F.3d at 1013 (citing *Ford*, 950 F.3d at 1159). Here, Plaintiff did not challenge the VE's expertise at the hearing and presents data based on Department of Labor statistics and/or O*NET publications that the VE did not evidently consult. Under these circumstances, where it appears that the Appeals Council evidence is based on different data than the VE's testimony, Plaintiff

ORDER - 8

has not shown that the VE's testimony was unreliable or created a conflict that required resolution by the Commissioner. *Cf. Buck v. Berryhill*, 869 F.3d 1040, 1051-52 (9th Cir. 2017).

Because the ALJ's step-five findings are supported by substantial evidence in the form of the VE's testimony, the Appeals Council evidence notwithstanding, the Court finds no basis to remand in light of the Appeals Council evidence. *See Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge